IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:08-CR-163-D (01) |
| VS. | § | |
| | § | |
| BRANDON EUGENE GETACHEW, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Brandon Eugene Getachew ("Getachew") moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 750 to the United States Sentencing Guidelines, which lowers the base offense level for certain quantities of crack cocaine. For the reasons that follow, the court grants the motion to the extent that it reduces Getachew's sentence to a total of 197 months' imprisonment.

I

On May 1, 2009 the court sentenced Getachew to 211 months' imprisonment. This consisted of 151 months on count one of the superseding indictment, 120 months on count two, and 60 months on count four. The sentences on counts one and two ran concurrently with one another. The sentence on count four ran consecutively to the other counts, as required by law. This resulted in a total sentence of 211 months' imprisonment. The presentence report ("PSR") calculated that Getachew was a career offender and assigned him an offense level of 35 and a criminal history category of VI on counts one and two.[1] This resulted in a guideline range of 352 to 425 months, to

---

[1] The sentence on count two was capped by statute at 120 months.

be added to 60 months on count four. When the court sentenced Getachew, however, it concluded that although he was a career offender, the advisory guideline range *before* applying the career offender enhancement was sufficient, but not greater than necessary, to comply with the purposes for sentencing set out in 18 U.S.C. § 3553(a)(2). Therefore, rather than calculate the advisory guideline range based on an offense level of 35 and a criminal history category of VI, the court calculated it based it on an offense level of 30 and a criminal history category of V, resulting in an advisory guideline range of 151 to 188 months.

Getachew now moves for a sentence reduction based on Amendment 750. The government agrees that Getachew is eligible for a sentence reduction, and it does not oppose a reduction.[2] The parties also agree that the new advisory guideline range for count one is 120 to 137 months[3] (count two is capped at 120 months, and count four still carries a mandatory consecutive sentence of 60 months' imprisonment). Their disagreement is over the extent of the reduction. The government argues for a sentence of 137 months; Getachew requests a sentence of 120 months. Getachew also

---

[2]It is arguable that Getachew is ineligible for a sentence reduction because of his career offender status, i.e., that his guideline range was not in fact lowered by Amendment 750. *See, e.g., United States v. Brown*, 2012 WL 2548329, at *1 (5th Cir. July 3, 2012) (per curiam) (dismissing as frivolous appeal of denial of sentence reduction motion based on Amendment 750 where guideline range was calculated based on defendant's career offender status rather than on drug quantity involved in offense, and concluding that "the district court did not abuse its discretion in denying [the defendant's] motion for a reduction in his sentence, as Amendment 750 did not have the effect of lowering the applicable guideline range."). The only reason Amendment 750 has an effect on Getachew's sentence is because the court imposed a variance sentence that took in account an advisory guideline range that has since been lowered as a result of Amendment 750. Nevertheless, the government concedes that Getachew is eligible for a sentence reduction, and the court will not deny his motion based on ineligibility.

[3]Were it not for the mandatory minimum penalty of 120 months on count one, the guideline range for an offense level of 26 and a criminal history of V would be 110 to 137 months. Instead, it is 120 to 137 months due to the mandatory statutory minimum.

contends that the court is obligated (under the law of the case or *res judicata*) to impose such a sentence because it originally sentenced him at the bottom of the advisory guideline range.

The court disagrees with Getachew that it is obligated to sentence him at the bottom of the new guideline range. The Fifth Circuit recently rejected a similar contention in *United States v. Johnson*, 2012 WL 2423939 (5th Cir. June 26, 2012) (per curiam).

> [The defendant] contends that because the court granted him a downward departure at his original sentencing and imposed a prison term six months below the pre-departure guideline range, it was similarly required to impose a revised sentence six months below the amended range. We have rejected that argument. Where the defendant originally received a sentence below the range, a district court may, under § 3582, impose a modified sentence comparably below the amended range *but is not required to do so*.

*Id.* at *1 (emphasis added) (citing *United States v. Cooley*, 590 F.3d 293, 294, 297 (5th Cir. 2009)).

Moreover, the sentence the court imposed in 2009 was a variance sentence—in fact, the variance was a significant one. Even though the PSR correctly found that Getachew was a career offender, the court concluded after considering the factors prescribed by 18 U.S.C. § 3553(a) that a sentence based on career offender status was greater than necessary to comply with the purposes set forth in § 3553(a)(2). The court reached this conclusion after "focus[ing] on the nature of the offenses that resulted in the career offender enhancement." Sent. Tr. 30. It concluded that two offenses that Getachew had committed at a very young age, very close to one another, with guilty pleas entered on the same day, had taken him from a sufficient sentence to career offender status. The court stated that it had considered all the factors of § 3553(a), that a sentence of 211 months was "still a very severe sentence," Sent. Tr. 30, and that Getachew did not "need to be sentenced above that for any of the purposes provided by statute. And a sentence that more accurately reflects where he is as an offender is where he was before the career offender [enhancement]." *Id.* Significantly,

the court did *not* find that Getachew should be sentenced at the bottom of whatever advisory guideline range was deemed to apply. Instead, it imposed a sentence of 211 months, which it recognized as a "fair sentence" but one that involved a "considerable variance." *Id.* at 33.

Under 18 U.S.C. § 3582(c)(2), the court can reduce a term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The court can also consider post-sentencing conduct, i.e., post-conviction rehabilitation. Having considered each of the statutory factors, Getachew's post-sentencing conduct (post-conviction rehabilitation), and the applicable policy statements, the court finds that a sentence on count one of 137 months is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).

Getachew requests in his reply brief that the court appoint counsel for him and conduct a hearing if it is considering any sentence in excess of 120 months on count one. Because he is not entitled to appointed counsel or a hearing in the circumstances presented here, this request is denied.

II

The judgment of the court filed on May 1, 2009 is modified at page 2 so that the portion of the sentence that reads:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: one hundred fifty-one (151) months on count 1, one hundred twenty (120) months on count 2, and sixty (60) months on count 4, for a total term of imprisonment of two hundred eleven (211) months.

is modified to read:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: one hundred thirty seven (137) months on count 1, one hundred twenty (120) months on count 2, and sixty (60) months on count 4, for a total term of imprisonment of one hundred ninety seven (197) months.

In all other respects the original judgment and sentence of the court shall stand as entered.

The clerk of court shall provide copies of this memorandum opinion and order to the usual recipients, and shall also transmit a copy to the Bureau of Prisons.

**SO ORDERED**.

July 13, 2012.

                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE